UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No: 5:09-CV-539-D

CHRISTIAN LOUBOUTIN S.A., and CHRISTIAN LOUBOUTIN,

Plaintiffs,

v.

SUEBSAK CHANTARUNGSRI a/k/a SCOTT CHAN, a/k/a LOOKSGREAT4EVER, d/b/a E SHOE WAREHOUSE; and E SHOE WAREHOUSE; and SG TRADING, INC., f/k/a FIRST COMPUTING SOURCES, INC., d/b/a ESHOEWAREHOUSE.COM, d/b/a ESHOEWAREHOUSE; and JOHN and JANE DOES A-Z (unidentified); and XYZ COMPANIES 1-10 (unidentified),

Defendants.

**ORDER**

Plaintiffs Christian Louboutin S.A. and Christian Louboutin (collectively, "plaintiffs") have moved ex parte against Defendants Suebsak Chantarungsri, a/k/a Scott Chan, a/k/a looksgreat4ever, d/b/a E Shoe Warehouse, E Shoe Warehouse, and SG Trading, Inc., f/k/a First Computing Sources, Inc., d/b/a ESHOEWAREHOUSE.COM, John and Jane Does A-Z (unidentified), and XYZ Companies 1-10 (unidentified) (collectively "defendants") for a temporary restraining order, seizure order, order restraining assets, order for expedited discovery, and order to show cause for preliminary injunction pursuant to Federal Rule of Civil Procedure 65 and the Trademark Act of 1946, 15 U.S.C. §§ 1051, et seq., as amended by the Trademark Counterfeiting Act of 1984, Pub. L. No. 98-473 (October 12, 1984), and the Anti-Counterfeiting Consumer Protection Act of 1996, Pub. L. No. 104-153 (July 2, 1996) (the "Lanham Act"). Plaintiffs allege that defendants are manufacturing, importing, distributing, offering for sale, and selling goods bearing counterfeit reproductions of

plaintiffs' federally registered trademark red sole as identified in plaintiffs' complaint and incorporated herein by reference (the "Red Sole Mark"). Plaintiffs own and control the Red Sole Mark and use it together with the CHRISTIAN LOUBOUTIN trademark and other trademarks (collectively, "Plaintiffs' Marks") in connection with products listed in plaintiffs' complaint and incorporated herein by reference (collectively, "Plaintiffs' Products"). The court has reviewed the complaint, memorandum of law, supporting declarations and exhibits. Notwithstanding the incorrect standard set forth in plaintiffs' memorandum of law, the court has applied the proper standard. See Fed. R. Civ. P. 65(b); Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374–76 (2008); Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346–47 (4th Cir. 2009). Based on the current record, the court finds:

1. Plaintiffs are likely to succeed in showing defendants have used and are continuing to use counterfeits or infringements of the Red Sole Mark in connection with the manufacture, import, distribution, offer for sale, and sale of merchandise, including but not limited to women's dress and casual shoes (collectively, "Counterfeit Products");

2. The manufacturing, importing, distributing, offering for sale, and selling of the Counterfeit Products will result in immediate and irreparable injury to plaintiffs if seizure of the Counterfeit Products and the records pertaining thereto is not ordered;

3. Defendants, or other persons acting in concert with defendants, would likely destroy, move, hide, or otherwise make inaccessible the Counterfeit Products and business records relating thereto if plaintiffs were to proceed on notice to defendants, thus frustrating the ultimate relief plaintiffs seek in this action;

4. Plaintiffs' harm from denial of the requested ex parte seizure order would outweigh the harm to defendants' legitimate interests from granting such an order;

5. Plaintiffs have represented that they have not publicized the requested seizure order;

6. Plaintiffs have provided the United States Attorney with reasonable notice of this application for an ex parte seizure order;

7. Plaintiffs have demonstrated the locations at which defendants are distributing, offering for sale and selling the Counterfeit Products, at which locations defendants also are likely to be holding the business records relating thereto; and

8. Entry of an order other than an ex parte seizure order would not adequately achieve the purposes of the Lanham Act to preserve plaintiffs' remedies for trademark counterfeiting, including, inter alia, destruction of defendants' Counterfeit Products, the acquisition of the business records relating to defendants' Counterfeit Products, and an award to plaintiffs of lost profits or damages.

9. Plaintiffs have demonstrated that defendants may take action to transfer their assets and thus avoid an accounting of defendants' profits from their unlawful activities.

In light of these findings, it is ORDERED that defendants appear to show cause on the 28th day of December 2009 at 1:00 p.m. or as soon thereafter as counsel can be heard, in Courtroom 1 of the United States District Court for the Eastern District of North Carolina, at the Terry Sanford Federal Building and Courthouse, 310 New Bern Avenue, Raleigh, North Carolina, why an order pursuant to Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act should not be entered granting plaintiffs a preliminary injunction as follows:

(a) Enjoining and restraining defendants, their officers, agents, servants and employees, and any persons in active concert or participation with them from:

> (i) Using any of Plaintiffs' Marks, including the Red Sole Mark, or any reproduction, counterfeit, copy or colorable imitation of Plaintiffs' Marks in connection with the manufacture, import, distribution, offer for sale, or sale of merchandise not the genuine products of plaintiffs, or in any manner likely to cause others to believe that defendants' products are connected with plaintiffs or plaintiffs' genuine merchandise bearing Plaintiffs' Marks when they are not; and

(ii) Passing off, reverse passing off, inducing, or enabling others to sell or pass off any shoes or other items which are not plaintiffs' genuine merchandise as and for plaintiffs' genuine merchandise; and (iii) Committing any other acts calculated to cause purchasers and/or the general public to believe that defendants' products are plaintiffs' genuine merchandise unless they are such; and (iv) Further diluting and infringing any and all of Plaintiffs' Marks, including the Red Sole Mark, and damaging plaintiffs' goodwill; and (v) Shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing, or disposing of in any manner shoes or other items falsely bearing any of Plaintiffs' Marks, including the Red Sole Mark, or any reproduction, counterfeit, copy, or colorable imitation of same.

(b) Impounding, during the pendency of this action, shoes and other items, including, without limitation, molds, labels, patches, printing devices, advertising, packaging, boxes, and other materials and merchandise seized pursuant to the provisions of this order.

(c) Restricting the transfer of defendants' assets pursuant to the provisions of this order as hereinafter set forth.

It appears to the court that defendants are manufacturing, distributing, offering for sale, and/or selling Counterfeit Products and will continue to carry out such acts unless restrained. Thus, the court ORDERS:

That pending the hearing on plaintiffs' application for a preliminary injunction, defendants, their agents, servants, employees, confederates, and any persons acting in concert or participation with them, or having knowledge of this order by personal service or otherwise be, and are, hereby temporarily restrained from: (a) committing any of the acts set forth in subparagraphs (a)(i)–(v) above; (b) moving, destroying, or otherwise disposing of any products, labels, or other items, merchandise or documents bearing, relating to or used for reproducing any of Plaintiffs' Marks, including the Red Sole Mark, or any reproduction, counterfeit, copy or colorable imitation thereof; and (c) removing, destroying or otherwise disposing of any computer records, tapes or disks, personal information devices (for example, Blackberry devices), cell phones, business records or

documents relating in any way to the manufacture, acquisition, purchase, distribution, or sale of goods bearing any of Plaintiffs' Marks, including the Red Sole Mark, or any reproduction, counterfeit, copy, or colorable imitation thereof. It is further ORDERED, that the United States Marshal for this Judicial District or in the alternative, any federal, state, county or local law enforcement officers, assisted by one or more attorney and agent of plaintiffs, are hereby authorized and directed to seize, impound, and deliver to plaintiffs or their representatives (i) any and all unauthorized and unlicensed merchandise bearing any of Plaintiffs' Marks, including the Red Sole Mark, as described above; (ii) the means for making same; (iii) the books and records relating thereto, including but not limited to records and data contained in electronic format on computers, servers, web sites (including passwords thereto), hard drives, zip drives, disks, personal information devices (for example, Blackberry devices), or cell phones; and (iv) the containers or vehicles in which the same are held or transported, which defendants sell, attempt to sell, or hold for sale, at all locations within this Judicial District and other Judicial Districts where Counterfeit Products are sold, offered for sale, distributed, transported, manufactured, or stored, or records thereof may be maintained, including but not limited to:

1631 NW Maynard Road Suite 102, Cary, North Carolina 27513;

109 Kilmayne Drive, Suite C, Cary, North Carolina 27511;

P.O. Box 5830 Cary, NC 27512;

104 Wordsmith Ct., Cary, North Carolina 27518; and

109 Fountain Brook Cir. D, Cary, North Carolina 27511-4470.

It is further ORDERED, that the United States Marshal or other law enforcement officers effecting such seizure shall employ whatever reasonable force is necessary to enter the premises owned, leased, or controlled by defendants or the locations where Counterfeit Products or labels and

business records relating thereto may be found, and to inspect the contents of any computers, rooms, vehicles, closets, cabinets, containers, cases, desks, and documents located on the identified locations or other premises controlled by defendants.

It is further ORDERED that plaintiffs' agents shall promptly inspect all items seized and, if any items are found to be authorized products, such items are to be returned to defendants within ten business days after the date this order is executed.

It is further ORDERED that the search and seizure ordered herein may be photographed or videotaped for the purpose of authenticating and assisting in obtaining evidence and preventing any controversy regarding the activities and events occurring during said search and seizure.

It is further ORDERED that the Temporary Restraining Order shall remain in effect until the date for hearing on the order to show cause set forth above, or such further dates as the court may set, unless defendants stipulate, or have not objected to, the plaintiffs' motion for a preliminary injunction.

It is further ORDERED that any merchandise or means of making such merchandise or records and other items seized hereto shall be appropriately tagged to permit identification. Defendants shall be given a receipt therefor. Such merchandise, records or other items seized shall be impounded in the custody or control of the United States Marshal or plaintiffs or plaintiffs' agents as substitute custodian pending further order of this court and shall be made available for inventory or inspection by such defendant from which it was seized or its counsel during normal business hours. Any such records seized shall likewise be impounded and shall be subject to a protective order whereby access thereto shall be initially restricted to the United States Marshal, plaintiffs' counsel, defendants, and defendants' attorneys of record, who shall all be permitted to inspect and copy such records. If plaintiffs desire copies of such records, plaintiffs (through

counsel) shall make copies and return the originals to defendants within twenty days of the date that this order is executed. This protective order, restricting access to such documents, shall expire on the date set forth above for the hearing on the order to show cause set forth above, or such further date as the court may set, so that at such hearing and thereafter the contents of such records may be revealed.

It is ORDERED that plaintiffs shall post a corporate surety bond, cash or a certified or attorney's check in the amount of twenty-five thousand dollars ($25,000) as security, determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful seizure, attempted seizure, or restraint hereunder.

It is further ORDERED that sufficient cause having been shown, the above seizure shall take place, and service of this order together with the summons and complaint shall be made on defendants personally, or by delivery to an adult of suitable age, at defendants' place of business or residence or where defendants are selling or holding for sale the items to be seized, and that such service shall be made and such seizure shall take place within ten days from the date of this order.

It is further ORDERED that plaintiffs' counsel file with the court within ten business days after the seizure is executed an affidavit or declaration stating the date on which the seizure was executed, whether goods or other materials were seized and a description thereof, and where the goods or other materials are stored.

It is further ORDERED that in accordance with Rule 64 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a), and this court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, defendants, including but not limited to defendants Suebsak Chantarungsri, a/k/a Scott Chan, a/k/a looksgreat4ever, d/b/a E Shoe Warehouse, E Shoe Warehouse, and SG Trading, Inc., f/k/a First Computing Sources Inc., d/b/a

ESHOEWAREHOUSE.COM, d/b/a E Shoe Warehouse, John and Jane Does A-Z (unidentified) and XYZ Companies 1-10 (unidentified), and their officers, servants, employees and agents and any persons in active concert or participation with them, and any banks, savings and loan associations or other financial institutions, or agencies which engage in the transfer of real property, who receive actual notice of this order by personal service or otherwise, are temporarily restrained and enjoined from transferring, disposing of, or secreting any money, stocks or other assets of defendants, without prior approval of the court, except as to a defendant that files with the court and serves upon plaintiffs' counsel:

(1) an accounting of any defendant's assets having a value of three thousand dollars ($3,000) or more, and the location and identity thereof; and

(2) uncontradicted documentary proof accepted by plaintiffs (such acceptance not to be unreasonably withheld) that particular assets are not proceeds of defendants' counterfeiting activities, in which case those particular assets shall be released to such defendant.

It is further ORDERED that any such banks, savings and loan associations or other financial institutions, or agencies which engage in the transfer of real property, who receive actual notice of this order by personal service or otherwise, immediately provide in writing to plaintiffs' counsel an accounting of any money, stocks, or other assets of defendants subject to restraint hereunder.

It is further ORDERED that upon two business days written notice to the court and plaintiffs' counsel, any defendant may, upon proper showing, appear and move for the dissolution or modification of the provisions of this order concerning the restriction upon transfer of defendants' assets, including the following modifications:

(1) allowing payments for ordinary living expenses not to exceed four thousand dollars ($4,000) per month, with an accounting of such payments to be filed with the court and provided to

plaintiffs within ten days following the end of each month.

(2) allowing defendant to pay ordinary, legitimate business expenses, including:

(a) rent or mortgage in the amount normally paid as required in any lease or loan on any premises by such defendant or company, upon presentation of said lease or loan document to plaintiffs' counsel and verification thereof;

(b) ordinary and regular salaries to any bona fide employees, other than any of the defendants themselves, or any relatives or dependents thereof, to the extent such salaries are not excessive; provided, however, that such salaries shall be paid to persons who were on the payroll of such defendant as of the date of this order, and such salaries do not exceed the prior month's level and further provided that defendant shall first present to plaintiffs' counsel written documentation identifying and verifying all individuals proposed to be paid and the particulars of the salaries proposed therefor;

(c) ordinary and necessary bills for utilities;

(d) payments of any amounts less than three thousand dollars ($3,000), not to exceed an aggregate of more than five thousand dollars ($5,000) per month, for ordinary business expenses, which transfers shall be documented and this documentation provided to plaintiffs' counsel within ten days following the end of each month.

(3) Defendants shall provide plaintiffs' counsel with an accounting of all payments of living expenses, business expenses, and any transfers of assets made pursuant to this order within ten days following the end of each month during the pendency of this restraint upon defendants' assets.

It is further ORDERED that defendants' answering papers, if any, shall be filed with the Clerk of Court and served upon the attorneys for plaintiffs before 1:00 p.m. on December 24, 2009. Plaintiffs shall serve any reply at the hearing.

It is further ORDERED that discovery herein may begin immediately and plaintiffs be permitted, immediately after service of the court's order, to inspect and copy defendants' records of the purchase, manufacture, and sale of Counterfeit Products wherever located including but not limited to: 1631 NW Maynard Road, Suite 102 Cary, North Carolina 27513; 109 Kilmayne Drive, Suite C Cary, North Carolina 27511; P.O. Box 5830, Cary, NC 27512; 104 Wordsmith Ct., Cary, North Carolina 27518; and 109 Fountain Brook Cir. D, Cary, North Carolina 27511-4470 and to take depositions of the persons responsible for defendants' business.

It is further ORDERED that this action shall remain sealed until the date for hearing on the Order to Show Cause set forth above, or such further date as the court may set, at which time the Clerk shall remove the file from under seal. Defendants are hereby given notice that if they are served and fail to attend the hearing scheduled herein, such failure shall result in confirmation of the seizure authorized herein, destruction or other disposition of the goods seized, if any, immediate issuance of the prayed-for Preliminary Injunction to take effect immediately upon expiration or dissolution of the Temporary Restraining Order. Defendants are hereby given further notice they shall be deemed to have actual notice of the issuance and terms of such Preliminary Injunction and any act by them or anyone of them in violation of any of the terms thereof and may be considered and prosecuted as contempt of this court.

SO ORDERED. This 18 day of December 2009, at 4:35 p.m.

James C. Dever
JAMES C. DEVER III
United States District Judge