| | |
|---|---|
| CHRISTIAN LOUBOUTIN S.A. AND CHRISTIAN LOUBOUTIN,<br><br>Plaintiffs,<br><br>v.<br><br>SUEBSAK CHANTARUNGSRI A/K/A SCOTT CHAN, A/K/A LOOKSGREAT4EVER D/B/A E SHOE WAREHOUSE; and E SHOE WAREHOUSE; and SG TRADING, INC. F/K/A FIRST COMPUTING SOURCES, INC. D/B/A ESHOEWAREHOUSE.COM, D/B/A ESHOEWAREHOUSE; and RADIANT FOOTWEAR, INC.; and KIMERA INTERNATIONAL, INC. A/K/A LILIANA SHOES F/K/A LILIANA FOOTWEAR; and JOHN and JANE DOES A-Z (UNIDENTIFIED); and XYZ COMPANIES 1-10 (UNIDENTIFIED)<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CONSENT PERMANENT INJUNCTION

**THIS MATTER** was opened to the Court by Plaintiffs Christian Louboutin S.A. and Christian Louboutin ("Plaintiffs"), upon the filing of a complaint and amended complaint alleging that defendants Suebsak Chantarungsri a/k/a Scott Chan a/k/a looksgreat4ever d/b/a E Shoe Warehouse, E Shoe Warehouse, and SG Trading, Inc. f/k/a First Computing Sources, Inc. d/b/a ESHOEWAREHOUSE.COM d/b/a E Shoe Warehouse(collectively "E Shoe Warehouse Defendants"), John and Jane Does A-Z (Unidentified) and XYZ Companies 1-10 (Unidentified) have engaged in acts of trademark counterfeiting, trademark infringement, unfair competition/false designation of origin, and trademark dilution with respect to Plaintiffs' Red

Sole Mark (as defined in the complaint and amended complaint and depicted in Exhibit A hereto) under federal law and the laws of the State of North Carolina and common law. The E Shoe Warehouse Defendants acknowledge the validity and distinctiveness of the Red Sole Mark and Plaintiffs' ownership of and rights therein. Prior to the filing of an answer, Plaintiffs and the E Shoe Warehouse Defendants resolved their differences, and it appearing that the parties, by their undersigned counsel, have agreed to the form and entry of the within Consent Permanent Injunction; and for good cause shown:

IT IS on this 30 day of March, 2010,

**ORDERED** that the E Shoe Warehouse Defendants, their officers, directors, agents, employees, servants, attorneys, successors, assigns, and others controlling, controlled by or affiliated with the E Shoe Warehouse Defendants, and all those in privity or active concert or participation with any of the foregoing (including without limitation each distributor or reseller of the E Shoe Warehouse Defendants' products), and all those who receive actual notice by personal service or otherwise, are hereby permanently enjoined from:

(1) Using any of Plaintiffs' Marks (as defined in the complaint and the amended complaint), including the Red Sole Mark, any confusingly similar mark, or any reproduction, counterfeit, copy or colorable imitation of Plaintiffs' Marks, in connection with the manufacture, import, distribution, offer for sale, and/or sale of merchandise not the genuine products of Plaintiffs, or in any manner likely to cause others to believe that the E Shoe Warehouse Defendants' products are connected with Plaintiffs or Plaintiffs' genuine merchandise bearing Plaintiffs' Marks when they are not; and

3

(2) Passing off, reverse passing off, inducing, or enabling others to sell or pass off any shoes or other items which are not Plaintiffs' genuine merchandise as and for Plaintiffs' genuine merchandise; and

(3) Committing any other acts calculated to cause purchasers and/or the general public to believe that the E Shoe Warehouse Defendants' products are Plaintiffs' genuine merchandise unless they are such; and

(4) Diluting and infringing any and all of Plaintiffs' Marks, including the Red Sole Mark, and damaging Plaintiffs' goodwill; and

(5) Shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing, or disposing of in any manner shoes or other items falsely bearing any of Plaintiffs' Marks, including the Red Sole Mark, or any reproduction, counterfeit, copy, or colorable imitation of same; and

(6) Otherwise competing unfairly with Plaintiffs in any manner;

**ORDERED** that Plaintiffs may destroy all of the Counterfeit Products (as defined in the complaint and the amended complaint) seized from the premises of the E Shoe Warehouse Defendants on December 18, 2009 pursuant to the Court's Order bearing that same date;

**ORDERED** that the E Shoe Warehouse Defendants be required, within ten (10) days of the date of entry of this Order, to deliver to Plaintiffs for destruction any and all remaining Counterfeit Products, circulars, price lists, labels, printing plates for labels, signs, prints, packages, wrappers, receptacles, advertising matter, promotional and other material in their possession or control bearing the Plaintiffs' Marks, or any other trademark and/or trade dress that is confusingly similar to the Plaintiffs' Marks, used in connection with the advertising, offering for sale, and/or sale of products not made by or under the authorization and control of Plaintiffs;

**ORDERED** that the E Shoe Warehouse Defendants, within ten (10) days of the date of entry of this Order, supply Plaintiffs with a complete list of persons and entities from whom they purchased, and retailers and distributors to whom they distributed and/or sold, Counterfeit Products;

**ORDERED** that the E Shoe Warehouse Defendants shall not at any time challenge or contest the validity and/or ownership of Plaintiffs' Marks, or assist any third party in any such challenge to the validity and/or ownership of Plaintiffs' Marks, except as may be required by applicable law in response to a subpoena, discovery request or similar legal process or demand; and

**ORDERED** that, pursuant to Section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a), the E Shoe Warehouse Defendants shall serve upon Plaintiffs' counsel, within forty-five (45) days after entry of this Consent Permanent Injunction, a report in writing under oath setting forth in detail the manner and form in which the E Shoe Warehouse Defendants have complied with this Order; and

**ORDERED** that Plaintiffs shall, within ten (10) days of the date of entry of this Order, deliver to the E Shoe Warehouse Defendants all goods seized from the premises of the E Shoe Warehouse Defendants not bearing any of Plaintiffs' Marks, including the Red Sole Mark, or any colorable imitation thereof, if any; and

**ORDERED** that Plaintiffs' obligation to post a corporate surety bond under the December 18, 2009 Temporary Restraining Order is hereby dissolved; and

**ORDERED** that this Order fully supersedes the Consent Preliminary Injunction Order entered in this action on December 23, 2009, which is hereby dissolved and declared to be of no further force or effect; and

**ORDERED** that all claims asserted by Plaintiffs against the E Shoe Warehouse Defendants in the complaint or amended complaint filed herein, as well as all claims that could have been asserted by Plaintiffs against the E Shoe Warehouse Defendants, are hereby DISMISSED WITH PREJUDICE; and

**ORDERED** that this Court shall retain jurisdiction to enforce the terms of this Order and the terms of the settlement agreement between Plaintiffs and the E Shoe Warehouse Defendants.

SO ORDERED. This **30** day of **March**, 2010, at **11:05 a.m.**

JAMES C. DEVER III
United States District Judge

WE HEREBY CONSENT TO THE FORM AND ENTRY OF THE FOREGOING CONSENT PERMANENT INJUNCTION:

| | |
|---|---|
| /s/ J. Anthony Penry | /s/ Robert J. Morris |
| J. Anthony Penry, NCSB# 8936 | Robert J. Morris, NCSB #15981 |
| Penry Riemann PLLC | Smith, Anderson, Blount, Dorsett, |
| 510 Glenwood Avenue | Mitchell, & Jernigan, LLP |
| Suite 319 | 2500 Wachovia Capitol Center |
| Raleigh, NC 27603 | Post Office Box 2611 |
| | Raleigh, NC 27602 |
| andy.penry@penryriemann.com | |
| Phone: 919.833.9449 | jmorris@smithlaw.com |
| Fax: 919.833.9448 | Tel: 919-821-6786 |
| | Fax: 919-821-6800 |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |
| *Christian Louboutin S.A.* | *Suebsak Chantarungsri A/K/A Scott Chan A/K/A* |
| *And Christian Louboutin* | *Looksgreat4ever D/B/A E Shoe Warehouse; and* |
| | *E Shoe Warehouse, and SG Trading, Inc. F/K/A* |
| | *First Computing Sources, Inc. D/B/A* |
| | *Eshoewarehouse.Com D/B/A Eshoewarehouse* |

6

# EXHIBIT A
# TO CONSENT PERMANENT INJUNCTION

Int. Cl.: **25**

Prior U.S. Cls.: **22 and 39**

United States Patent and Trademark Office

Reg. No. **3,361,597**
Registered Jan. 1, 2008

## TRADEMARK
### PRINCIPAL REGISTER



CHRISTIAN LOUBOUTIN (FRANCE INDIVIDUAL)
24 RUE VICTOR MASSÉ
PARIS, FRANCE 75009

FOR: WOMEN'S HIGH FASHION DESIGNER FOOTWEAR, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 0-0-1992; IN COMMERCE 0-0-1992.

THE COLOR(S) RED IS/ARE CLAIMED AS A FEATURE OF THE MARK.

THE MARK CONSISTS OF A LACQUERED RED SOLE ON FOOTWEAR. THE DOTTED LINES ARE NOT PART OF THE MARK BUT ARE INTENDED ONLY TO SHOW PLACEMENT OF THE MARK.

SEC. 2(F).

SER. NO. 77-141,789, FILED 3-27-2007.

NORA BUCHANAN WILL, EXAMINING ATTORNEY